UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENARO PURO LLC,

                        Plaintiff,

            -against-                                            25-CV-3098 (LTS)

POSHMARK, INC.; WALMART, INC.,                                   ORDER

                        Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

Jamaal Russ filed, on behalf of Denaro Puro LLC, a complaint and request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. By order dated July 18, 2025, the Court issued an order granting leave to proceed IFP (ECF 5.) To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees–a $350.00 filing fee plus a $55.00 administrative fee–or file a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. However, only a natural person can proceed IFP–not an artificial entity. *See Rowland v. California Men's Colony*, 506 U.S. 194, 196 (1993).

The Court vacates the order granting IFP status. Within 30 days of the date of this order, Russ must pay the $405.00 in fees. Payment of the fees should be mailed to the following address: United States District Court for the Southern District of New York, Cashiers-Room 260, 500 Pearl Street, New York, NY 10007. Payment of the fees by mail must (1) be made by money order or certified check; (2) be made payable to: Clerk, USDC, SDNY; and (3) include the docket number listed above. Personal checks are not accepted. Payment of the fees also can be made in person at the courthouse by credit card, money order, certified check, or cash.

No further action will be taken in this case, and no summons shall issue or answer be required, until the fees are paid. If Russ complies with this order, the case shall be processed in

accordance with the procedures of the Clerk's Office.[1] If Russ fails to comply with this order within the time allowed, the action will be dismissed without prejudice to refiling.

### CONCLUSION

The Court directs the Clerk of Court to vacate the order granting IFP status. (ECF 5.) Russ must pay the $405.00 in fees within 30 days of the date of this order. If Russ fails to comply with this order within the time allowed, the action will be dismissed without prejudice to refiling.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 19, 2025
         New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge

---

[1] As Russ was advised in a prior case, however, an artificial entity like Denaro Puro LLC cannot proceed without counsel. *See Denaro Puro LLC v. Nike, Inc.,* No. 25-CV-02812 (DEH) (S.D.N.Y. June 23, 2025) (dismissing claims asserted by Russ on behalf of Denaro Puro LLC) (quoting *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007)). Even if Russ the pays the fees, this matter cannot proceed *pro se.*